UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMIN H. ABAZA,

     Plaintiff,

v.                                       CASE NO. 8:16-cv-386-T-23TBM

PUBLIX SUPERMARKETS, INC.,

     Defendant.

_____/

**ORDER**

Publix Supermarkets, Inc., employed Amin H. Abaza to work "in Pharmacy

sales and services." (Doc. 1 at 2)  After Publix's termination of Abaza's employment,

Abaza sues (Doc. 1) Publix for violation of the Americans With Disabilities Act, for

violation of the Civil Rights Act, and for violation of several sections of the Florida

Statutes.  Publix answers the complaint and moves (Doc. 12) for judgment on the

pleadings.  The motion argues (1) that liquidated damages, which Count IV seeks under

the Americans With Disabilities Act, are not available under the act[1] and (2) that

Count VII fails to state a claim for violation of Section 540.08, Florida Statutes.  Abaza

dedicates most of his five-page response to Publix's motion to disputing Publix's choice

of motion; Abaza argues that the motion is correctly labeled a motion to dismiss under

---

[1] In the "prayer for relief," the complaint seeks liquidated damages "pursuant to 29 U.S.C. § 626(b)," a section of the Age Discrimination in Employment Act. (Doc. 1 at 12) No other portion of the complaint discusses the Age Discrimination in Employment Act or asserts age discrimination.

Rule 12(b)(6), Federal Rules of Civil Procedure, rather than a motion for judgment on the pleadings under Rule 12(c).

## DISCUSSION

### 1. Motion for Judgment on the Pleadings

An important distinction between a motion to dismiss for failure to state a claim and a motion for judgment on the pleadings is that, although only a defendant may move to dismiss, either party may move for judgment on the pleadings.  If a defendant is the movant, the Federal Rules of Civil Procedure, contrary to Abaza's argument, "expressly allows [a motion to dismiss for failure to state a claim] to be made by motion for judgment on the pleadings."  *Moore's Federal Practice*, Vol. 2, § 12.38 (3d ed. 2015). Rule 12(h)(2) states, "Failure to state a claim upon which relief can be granted . . . may be raised" by a motion for judgment on the pleadings.  Further, if a defendant is the movant, resolution of the motions requires application of the same standard of review:

> As with the Rule 12(b)(6) motion, under Rule 12(c) the court must accept the nonmovant's allegations as true; viewing the facts in the light most favorable to the nonmoving party. Judgment on the pleadings should be granted if the movant is entitled to judgment as a matter of law. A complaint survives a motion for judgment on the pleadings if it contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.

*Moore's*, Vol. 2, § 12.38 (quotation marks omitted); *accord Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002).  As a defendant, Publix can argue in a motion for judgment on the pleadings that the complaint (or a count) fails to state a claim.

Another important distinction between the two motions is that, although a defendant may move to dismiss before or after answering the complaint, a defendant may move for judgment on the pleadings only after answering the complaint. *See Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1336 (11th Cir. 2014) ("Rule 12(c) . . . permit[s] motions for judgment on the pleadings only after the pleadings have closed."). However, because "the same standard [of review] applies" to the two motions, if a motion for judgment on the pleadings "is filed before the answer, the court may treat it as a motion to dismiss under Rule 12(b)(6)." *Moore's*, Vol. 2, § 12.38. "Conversely, a motion to dismiss filed after the pleadings close will be treated as a motion for judgment on the pleadings." *Moore's*, Vol. 2, § 12.38; *see also Whitehurst v. Wal-Mart Stores E., L.P.*, 329 Fed. Appx. 206, 208 (11th Cir. 2008) (per curiam) ("But the court may construe the Rule 12(b)(6) motion as one seeking judgment on the pleadings under Rule 12(c)."). Because Publix moves after answering the complaint, Publix correctly labels the motion a motion for judgment on the pleadings.

**2. Count IV**

Count IV claims that Publix violated the Americans With Disabilities Act and asks for "backpay, front pay, benefits and compensatory and liquidated damages." (Doc. 1 at 10)  The motion for judgment on the pleadings correctly argues that liquidated damages are not available under the Americans With Disabilities Act. However, "courts will not dismiss for failure to state a claim merely because the

complaint requests inappropriate relief." *Moore's*, Vol. 2, § 12.34[1][b].[2]  "[I]t need not appear that the plaintiff can obtain the particular relief prayed for in the complaint, as long as the district judge can ascertain from what has been alleged that some relief may be granted by the court."  Wright & Miller, *Federal Practice and Procedure*, Vol. 5B, § 1357 (3d ed. 2015).  For the same reason, "courts [cannot grant judgment on the pleadings] merely because the complaint requests inappropriate relief."  *See Moore's*, Vol. 2, § 12.34[1][b].

## 3. Count VII

Count VII claims that Publix violated Section 540.08, Florida Statutes, which states, "No person shall publish, print, display or otherwise publicly use for purposes of trade or for any commercial or advertising purpose the name, portrait, photograph, or other likeness of any natural person without the express written or oral consent to such use given by . . . [s]uch person."  Count VII alleges that Publix used "Abaza's name, initials and licensed pharmacist credentials on prescriptions for at least several months after his termination without [his] express consent or even his knowledge."[3]  (Doc. 1

---

[2] *Accord Charles v. Front Royal Volunteer Fire & Rescue Dep't, Inc.*, 21 F. Supp. 3d 620, 629 (W.D. Va. 2014) (Urbanski, J.) ("A demand for relief is not part of a plaintiff's statement of the claim. As such, the nature of the relief included in the demand for judgment is immaterial to the question of whether a complaint adequately states a claim upon which relief can be granted.").

[3] Count VII argues that Publix used not only Abaza's name and initials but also his "credentials." However, Abaza neither attempts to argue nor would succeed in arguing that his "credentials" are his "likeness." Abaza's response to the motion admits that Publix could have hired any "licensed pharmacist" to continue selling prescription drugs after terminating Abaza. (Doc. 17 at 4)

at 11)  The motion for judgment on the pleadings argues that Count VII fails to establish

that Publix used Abaza's likeness for a "commercial purpose."  (Doc. 12 at 6)

"Courts have interpreted the statute's commercial purpose requirement to

require that a defendant's unauthorized use directly promote a product or service."

*Almeida v. Amazon.com, Inc.*, 456 F.3d 1316, 1325 (11th Cir. 2006) (citing *Tyne v. Time

Warner Entm't Co., L.P.*, 901 So. 2d 802, 808 (Fla. 2005)).  For example, *John Daly

Enterprises, LLC v. Hippo Golf Co.*, 646 F. Supp. 2d 1347, 1351 (S.D. Fla. 2009)

(Zloch, J.), held that, by including a plaintiff's likeness on a defendant's website "to

promote Defendant's golf equipment," the defendant used the likeness to directly

promote a product.  However, if the defendant had used the plaintiff's likeness to sell

the website that contained the likeness, no violation of Section 540.08 would have

occurred.  "[T]he use of an image in a publication is not for a 'commercial purpose'

under [S]ection 540.08 merely because the publication is offered for sale."  *Almeida*,

456 F.3d at 1325; *accord Tyne*, 901 So. 2d at 806.

Although Count VII claims that Publix sold prescription drugs (or, specifically,

the container holding the prescription drugs) that contained Abaza's name, Count VII

fails to claim, or to allege any fact in support of the claim, that Publix's using Abaza's

name "associated [Abaza's name] with a product or service unrelated to" the

prescription drugs.  *See Almeida*, 456 F.3d at 1326.  Discussing a plaintiff's participation

in the video "Girls Gone Wild," *Lane v. MRA Holdings, LLC*, 242 F. Supp. 2d 1205,

1210, 1213 (M.D. Fla. 2002) (Conway, J.), holds "that while [the plaintiff's] image and

likeness were used to sell copies of Girls Gone Wild, her image and likeness were never associated with a product or service unrelated to that work." Like the website in *John Daly* and like the video "Girls Gone Wild" in *Lane*, a container holding prescription drugs is a "publication" that included a plaintiff's likeness and that a defendant sold. Count VII fails to establish that Publix's using Abaza's name "associated [Abaza's name] with a product or service unrelated to" this "publication." *See Almeida*, 456 F.3d at 1326. Count VII fails to establish that Publix used Abaza's likeness for a "commercial purpose" and fails to state a claim.

## CONCLUSION

The motion (Doc. 12) for judgment on Count IV based on the pleadings is **DENIED**. The motion (Doc. 12) for judgment on Count VII based on the pleadings is **GRANTED** for Publix and against Abaza.

ORDERED in Tampa, Florida, on June 3, 2016.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE